UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

|  |  |  |
|---|---|---|
| In the Matter of: | ) ) ) | |
| Fabrice S. K. SADHVANI Respondent | ) ) ) | File No.:   A 75-342-382 |
| Formerly In Removal Proceedings | ) ) ) | |

MOTION OF THE DEPARTMENT OF HOMELAND SECURITY TO RECONSIDER,
OR TO RECONSIDER *SUA SPONTE*, THE GRANT OF RESPONDENT'S MOTION
TO REOPEN

Christopher R. Coxe, Jr.
Assistant Chief Counsel

Department of Homeland Security
U.S. Immigration and Customs Enforcement
Office of Chief Counsel
Fallon Federal Building
31 Hopkins Plaza, 7th Floor
Baltimore, Maryland 21201

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

|  |  |  |
|---|---|---|
| In the Matter of: | ) | |
|  | ) | |
| Fabrice S. K. SADHVANI | ) | File No.:A 75-342-382 |
| Respondent | ) | |
|  | ) | |
| Formerly In Removal Proceedings | ) | |
|  | ) | |

MOTION OF THE DEPARTMENT OF HOMELAND SECURITY TO RECONSIDER,
OR TO RECONSIDER *SUA SPONTE*, THE GRANT OF RESPONDENT'S MOTION
TO REOPEN

The Department of Homeland Security ("DHS") hereby respectfully moves this honorable Board of Immigration Appeals ("BIA" or "Board") to reconsider its March 21, 2006 decision granting Respondent's motion to reopen.  This motion is brought upon the grounds and for the reasons as are hereinafter set forth.

I. INTRODUCTION.

This motion asks the Board to reconsider and vacate its decision of March 21, 2006 granting Respondent's motion to reopen because, at that time and unknown to the Board, Respondent already had been deported from the United States and the Board lacked jurisdiction to reopen his removal proceeding.

II. THE REGULATORY TIME BAR.

A motion to reconsider must be filed within 30 days after the mailing of the Board decision that is the subject of the motion. 8 C.F.R. § 1003.2(b)(2).   DHS hereby asks the Board to reconsider it's decision dated March 21, 2006 reopening Respondent's removal proceeding    However, the basis of the instant motion is that the Board, on

2

March 21, 2006, lacked jurisdiction to reopen Respondent's removal proceeding because Respondent had been removed from the United States pursuant to his administratively final order of removal on December 28, 2005.  8 C.F.R. § 1003.2(d).  Accordingly, the instant motion is not time barred because the issue of jurisdiction may be raised at any time.  See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Sligh v. Doe, 596 F.2d 1169, 1170 (4th Cir. 1979) ("It is … elementary that lack of jurisdiction is a question that may be raised at any time.").  A court may not accept jurisdiction where none exists. See Matter of C-, 6 I&N Dec. 366, 372 (BIA 1954); Sheldon v. Sill, 49 U.S. 441, 449 (1850) ("Courts created by statute can have no jurisdiction but such as the statute confers.").  The Immigration Court was created by statute, and is therefore limited to the jurisdiction conferred upon it by law.  In the alternative, DHS respectfully requests that the Board reconsider its March 21, 2006 decision *sua sponte*.  8 C.F.R. § 1003.2(a).

III.   STATEMENT OF FACTS AND OF THE CASE.

The Respondent, a native and citizen of Togo, first filed for asylum on March 21, 1997.  On October 1, 1998, the Immigration Judge ("IJ") denied the application, but granted voluntary departure.  The Respondent appealed this decision to the Board.  In an order dated December 16, 2002 the Board affirmed the IJ's decision and reinstated voluntary departure within 30 days of that decision.

Respondent's first motion to reopen was filed on or about December 24, 2002. In an order dated February 14, 2003, the Board denied the motion.  Respondent then filed a motion to reconsider, which was also denied on July 8, 2003.

On or about December 15, 2005, Respondent filed a second motion to reopen and reconsider asking the Board to reconsider the prior denial of his application for asylum. He also moved for a stay of removal pending consideration of his motion to reopen and reconsider.   On or about December 19, 2005, DHS filed its opposition to Respondent's second motion to reopen.

On December 22, 2005, the Board issued a written decision denying Respondent's motion for a stay of removal, finding that there is little likelihood that the motion would be granted.

On December 28, 2005, Respondent was removed from the United States pursuant to his administratively final order of removal.   See Executed Warrant of Removal/Deportation (Form I-205) attached hereto as Exhibit A.

On March 21, 2006, the Board granted Respondent's motion to reopen and remanded the record to the Immigration Judge for further proceedings.   Presumably, the Board was not made aware of Respondent's removal. Respondent's removal proceeding presently is scheduled for a master calendar appearance before the Baltimore Immigration Court on September 11, 2006.

IV.   ARGUMENT.

> The Board Should Reconsider And Vacate Its Decision Dated March 21, 2006 Reopening Respondent's Removal Proceeding Because Respondent Already Had Been Removed At The Time Of That Decision.

Respondent was removed from the United States pursuant to his administratively final order of removal on December 28, 2005.   See Executed Warrant of Removal/Deportation (Form I-205), Exhibit A.   Any departure from the United States,

4

including the removal of an alien subject to removal proceedings, occurring after the filing of a motion to reopen or reconsider constitutes a withdrawal of such motion. 8 C.F.R. § 1003.2(d); see also Matter of Crammond, 23 I&N Dec. 179 (BIA 2001)(When the Board is presented with evidence that it has granted a motion to reopen after the alien's departure from the United States, it is appropriate to reconsider and vacate the prior order on jurisdictional grounds.); Matter of Okoh, 20 I&N Dec. 864 (BIA 1994) (Once the Board's order of deportation was executed, the proceedings were brought to finality, and the Board lacks jurisdiction to act on a motion to reopen.).

Accordingly, because Respondent already had been removed from the United States on December 28, 2005, the Board lacked jurisdiction on March 21, 2006 to reopen his removal proceeding. The Board's decision of March 21, 2006 should be reconsidered and vacated.

IV. CONCLUSION.

The Board should reconsider and vacate it's decision of March 21, 2006 reopening Respondent's removal proceeding.

Dated: August 23, 2006          Respectfully submitted,
                                DEPARTMENT OF HOMELAND SECURITY
                                U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
                                OFFICE OF CHIEF COUNSEL

                                by:
                                _____
                                Christopher R. Coxe, Jr.
                                Assistant Chief Counsel
                                Fallon Federal Building
                                31 Hopkins Plaza, Suite 730
                                Baltimore, Maryland 21201
                                (410) 962-0773

5

# . CERTIFICATE OF SERVICE

**Case Name:** Fabrice S. K. SADHVANI
**Case No.:** A 75-342-382

I HEREBY CERTIFY that, on this date, I caused to be served the foregoing document:

  X    by placing a true copy thereof in a sealed envelope, with postage thereon to be fully prepaid by normal government process and causing the same to be mailed by first class mail to the person at the address set forth below;

____    by causing to be personally delivered a true copy thereof to the person at the address set forth below;

____    by FEDERAL EXPRESS / AIRBORNE EXPRESS to the person at the address set forth below;

____    by telefaxing with acknowledgement of receipt to the person at the address set forth below:

Paul Shearman Allen, Esq.
1329 18th St. N.W.
Washington, D.C. 20036

Signed under penalty of perjury at Baltimore, Maryland on August 23, 2006.

_____
Christopher R. Coxe, Jr.
Assistant Chief Counsel