## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FABRICE SADHVANI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **C.A. No.06-1454 (JDB)** |
| **v.** | ) | |
| | ) | |
| **MICHAEL CHERTOFF, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

## <u>RESPONDENTS' MOTION TO DISMISS</u>

Respondents, by and through their undersigned counsel, hereby move to dismiss the above styled action pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction.

The Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support of this motion, as well as the entire record in this case. A proposed Order is also attached.

WHEREFORE,  Respondents request that the Court dismiss this action with prejudice.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN
D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS
D.C. BAR # 434122
Assistant United States Attorney

/s/
MADELYN E. JOHNSON
DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FABRICE SADHVANI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | C.A. No.06-1454 (JDB) |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

### RESPONDENTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENTS' MOTION TO DISMISS

Respondents, through their undersigned counsel, submit this memorandum in support of their motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Fabrice Sadhvani filed this Petition for Writ of Habeas Corpus and Writ of Mandamus (Petition) challenging his return from the United States to Togo pursuant to a final order of removal. Sadhvani also contended that the respondents had unreasonably delayed adjudication of an I-730 Refugee/Asylee Relative Petition to accord Sadhvani derivative asylee status filed in 1994 by Mariam Mohamad Alawi, petitioner's currently estranged wife.

Sadhvani seeks the extraordinary relief of an order requiring the Department of Homeland Security (DHS) to bring him back into the United States from Togo to

attend a reopened hearing before an immigration judge in Baltimore, Maryland.  He also seeks an order of mandamus requiring DHS to adjudicate the I-730 petition. In conjunction with his petition, Sadhvani filed a motion for preliminary injunction seeking essentially the relief requested on the merits of his petition.  After full briefing on Sadhvani's motion for preliminary relief, on September 6, 2006, the Court conducted a hearing after which the request for the mandatory injunctive relief was denied.  Respondents now move to dismiss this petition pursuant to Fed. R. Civ. P. 12(b)(1) because, as this Court observed when ruling on the preliminary injunction, subject matter jurisdiction is wanting.

Specifically, this Court is without jurisdiction over Sadhvani's petition for a number of reasons.  First, the REAL ID Act amended the Immigration and Nationality Act (INA) to make clear that district courts are without jurisdiction over claims like Sadhvani's in this case, whether brought as a habeas petition, under the mandamus statute, or on any other basis.  Rather, exclusive jurisdiction rests with the United States Courts of Appeals.  Moreover, this clear statutory mandate limiting jurisdiction to the Courts of Appeals also means that Sadhvani's attempt to resort to the All Writs Act or the mandamus statute similarly fails. Under well-established case law in this circuit, jurisdiction to consider such claims

is limited to the appellate courts in aid of their respective jurisdiction over the specialized immigration area.

Second, the Court lacks subject matter jurisdiction on the alternative ground that aliens living outside the United States are not in DHS's actual or constructive custody – a jurisdictional prerequisite for habeas review. Third, any jurisdiction the Court may arguably have had to entertain Sadhvani's petition for a writ of mandamus to require DHS to adjudicate the I-730 petition no longer exists. In November 2004, the I-730 petition was denied and so, that claim is moot. It is beyond question that a district court is without jurisdiction over any claim in the absence of a live case or controversy.

Accordingly, for these reasons, more fully explored below, the Court should dismiss this petition with prejudice.[1]

## FACTUAL BACKGROUND

As this Court noted in denying the motion for preliminary injunction in this case, the pertinent facts are not in dispute. Fabrice Sadhvani is a native and citizen of Togo who entered the United States on May 26, 1996 as a nonimmigrant student authorized to remain for a period not to exceed March 30, 1997 but who stayed

---

[1] Respondents hereby incorporate by reference their opposition to petitioner's motion for preliminary injunction (Dkt. # 5) which discusses, inter alia, these same issues.

beyond that date without authorization. Petitioner's (Pl.) Exh. 7; <u>see</u> Pl. Exh. 2, pg.

2 (petitioner's admission of factual allegations and concession of charge of

removability).[2] On September 1, 1998, Sadhvani appeared before an IJ and

testified in support of his applications for asylum and withholding of removal. Pl.

Exh. 2. At the conclusion of the hearing, the IJ found Sadhvani removable as

charged and denied his applications for relief. <u>Id.</u> at 73. He appealed the decision

to the BIA on September 25, 1998. Pl. Exh. 8.

While his appeal was pending, on February 22, 1999, Sadhvani married

Miriam Mohamad Alawi, a national of Tanzania whose application for asylum in

the United States was granted two days later, on February 24, 1999. DHS Exh. 1.[3]

On June 15, 1999, Alawi filed a form I-730 Refugee/Asylee Relative Petition on

behalf of Sadhvani which, if granted, would accord him derivative asylee status as

Alawi's husband. <u>Id.</u>; Pl. Exh. 10.

While the I-730 petition was pending, on December 16, 2002, the Board

affirmed the IJ's decision and dismissed Sadhvani's appeal. Pl. Exh. 9. Sadhvani

---

[2] "Pl. Exh." followed by a number refers to the exhibits attached to Sadhvani's Petition for Writ of Habeas Corpus and Writ of Mandamus (Dkt. # 1).

[3] "DHS Exh." followed by a number refers to the Respondents' exhibits filed with this motion.

sought no further judicial review and the order of removal to Togo became final.[4]

On December 27, 2002, Sadhvani filed a timely motion to reopen the removal

proceedings based on his marriage and the pending Form I-730 petition, which the

BIA denied on February 14, 2003. Pl. Exh. 13. On March 12, 2003, he filed a

motion for reconsideration which the BIA also denied on July 8, 2003. Pl. Exh. 16.

In 2004, Sadhvani and his wife, Alawi, separated. Pl. Exh. 19.

In March 2005, petitioner filed another motion to reopen his removal

proceedings, this time based on changed circumstances in Togo. See Pl. Exh. 18,

20. While this motion was pending, on May 2, 2005, petitioner applied to the

Baltimore Field Office, Immigration and Customs Enforcement (ICE) in DHS for a

stay of removal based on his marriage and the pending Form I-730 Relative

Petition. Pl. Exh. 17. By letter dated May 18, 2005, the Field Office Director

notified Sadhvani that based on the pending I-730 relative petition, a stay would be

granted as a matter of discretion. Id. The letter further advised, however, that the

---

[4] Pursuant to Section 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a) & (b)(1), Sadhvani had 30 days within which to appeal the BIA decision to the Fourth Circuit Court of Appeals. Having declined to do so, the BIA's decision became the final, unreviewable order of removal. Thus, although Sadhvani includes his original asylum application and exhibits as attachments to his motion for preliminary injunction and his petition initiating this suit, and although he discusses the factual background of that asylum application, the denial of that relief is not subject to review in this, or any court.

discretionary stay was "contingent on [the] I-730 and Motion to Reopen being granted by the Board of Immigration Appeals." Id.

Subsequently, on or around October 6, 2005, the U.S. Citizenship and Immigration Service (USCIS) became aware that Sadhvani and Alawi were separated and that Alawi intended to file for divorce. DHS Exh. 1; Pl. Exh. 19. Accordingly, by letter dated November 2, 2005, USCIS advised Alawi that the I-730 petition that she filed was denied. DHS Exh. 1.

On December 22, 2005, the BIA concluded, after consideration of all information, that there was little likelihood that petitioner's pending motion to reopen would be granted. Pl. Exh. 18. On that basis, the Board denied Sadhvani's application for a stay of removal. Id. Shortly thereafter, on December 28, 2005, petitioner was removed to Togo pursuant to the outstanding order of removal. The execution of the order of removal brought the proceedings to finality and operated as a withdrawal of the outstanding motion to reopen pursuant to regulation. See 8 C.F.R. § 1003.2(d).

Apparently unaware that petitioner had been removed, however, the BIA acted on the motion and in a brief order dated March 21, 2006, the Board determined that the motion met the standards for reopening based on new evidence

of changed circumstances in Togo.  Pl. Exh. 20.  In doing so, the Board made

no findings with regard to the merits of asylum or withholding of removal.  Id.

**ARGUMENT**

A. The REAL ID Act Makes Clear That The District
Courts Lack Jurisdiction To Review Claims Related
To An Alien's Removal From The United States

Sadhvani's claims fall within the reach of several jurisdictional provisions of

the Immigration and Nationality Act which vest exclusive jurisdiction in the Courts

of Appeals.  Pursuant to recent Congressional legislation, these provisions

specifically preclude habeas corpus or mandamus review in district court by

expressly referencing these statutes at 28 U.S.C. §§ 2241 & 1361, respectively.[5]

See REAL ID Act at § 106(a).

On May 11, 2005, the President signed the REAL ID Act into law.  Section

106(a) of the REAL ID Act makes significant amendments to the INA's

jurisdictional statute at 8 U.S.C. § 1252, to clarify that district courts lack

---

[5]  Sadhvani's claims under the Administrative Procedures Act (APA), 5 U.S.C. § 701, et seq., also fail because, as quoted above, the amendments to the REAL ID Act preclude district court review "notwithstanding any other provision of law (statutory or nonstatutory)".  To the extent Sadhvani contends that APA review is appropriate because of unreasonable delay in the respondents' adjudication of the I-730 relative petition filed by Alawi on his behalf, Sadhvani fails because that claim is moot.  As set forth above, by letter dated November 2, 2004, addressed to Mariam Mohamad Alawi (the I-730 petitioner), USCIS denied the I-730 petition because of Alawi's representations that the couple were separated and that she intended to divorce Sadhvani. See DHS Exh. 1.  See discussion below.  See also Respondents' Opposition to Motion for Preliminary Injunction at 15-18.

-7-

jurisdiction, habeas or otherwise, to review any removal order or removal-related

claim for any alien, criminal or non-criminal.  As a result, § 1252, which the

Supreme Court in <u>INS v. St. Cyr</u>, 533 U.S. 289 (2001) found to preclude "judicial

review" over criminal aliens' removal orders, but not to preclude "habeas review"

in district court, now clearly precludes **all** review in district court, including habeas

corpus review of criminal **and** non-criminal aliens' removal orders and removal-

related claims such as those Sadhvani has presented in this case.  Specifically,

§ 106(a)(3) of the REAL ID Act amended 8 U.S.C. § 1252(g), now states as

follows:[6]

> (g) EXCLUSIVE JURISDICTION.  Except as provided
> in this section and notwithstanding any other provision of
> law (statutory or nonstatutory), *including section 2241 of
> title 28, United States Code, or any other habeas corpus
> provision, and sections 1361 and 1651 of such title,* no
> court shall have jurisdiction to hear any cause or claim by
> or on behalf of any alien arising from the decision or
> action by the Attorney General to commence proceedings,
> adjudicate cases, or execute removal orders against any
> alien under this chapter.

The reference in § 1252(g) to "[e]xcept as provided in this section" refers to

Section 1252, which provides that judicial review of removal orders is available

only in the court of appeals through a petition for review; not in district court.

---

[6]  The emphasis is added to show the amended text.

Further, by making express reference to the habeas corpus statute at 28 U.S.C. §

2241, and the mandamus statute at 28 U.S.C. § 1361, Congress made clear that

there is no longer such jurisdiction over claims "arising from the decision or action

by the Attorney General to commence proceedings, adjudicate cases, or execute

removal orders."

Moreover, Congress made the amendment to § 1252(g) and all of the other

amendments in § 106(a) of the REAL ID Act effective immediately and applicable

to any "final administrative orders of removal, deportation, exclusion" that was

"issued before, on, or after the date of enactment of this division."  REAL ID Act §

106(b).  Accordingly, the amendments in § 106(a) apply to this case because

Sadhvani seeks habeas and mandamus review of the execution of a removal order

which was "issued before . . . the date of enactment" of the REAL ID Act.[7]  Id.

In this case, Sadhvani challenges the respondents' execution of the

outstanding order for his removal to Togo, which he claims was unlawful.  That is

the gravamen of his suit from which his various requests for relief flow.  Thus, this

suit clearly falls withing the language of § 1252(g) precluding judicial review in

---

[7] REAL ID § 106(c) provides for the transfer of habeas petitions to the courts of appeals if such petitions were pending on the date that the REAL ID Act was enacted and if they challenged the removal order under 28 U.S.C. §2241, further underscoring Congressional intent to consolidate in the courts of appeal any challenges to the commencement of proceedings, adjudication of cases and the execution of removal orders.

the district court of any cause or claim by any alien arising from the action of

respondents to execute removal orders.

Sadhvani's challenge to his removal is also precluded by 8 U.S.C.

§ 1252(b)(9), which now states as follows:[8]

> Judicial review of all questions of law and fact, including
> interpretation and application of constitutional and
> statutory provisions, arising from any action taken or
> proceedings brought to remove an alien from the United
> States under this subchapter shall be available only in the
> judicial review of a final order under this section. *Except
> as otherwise provided in this section, no court shall have
> jurisdiction, by habeas corpus under section 2241 of title
> 28, United States Code, or any habeas corpus provision,
> by section 1361 or 1651 of such title, or by any other
> provision of law (statutory or nonstatutory), to review
> such an order or such questions of law or fact.*

By making express reference to the habeas corpus statute at 28 U.S.C.

§ 2241 and the mandamus statute at 28 U.S.C. § 1361, Congress made clear that

there is no longer such jurisdiction over claims relating to an alien's removal.  The

Supreme Court has described 8 U.S.C. § 1252(b)(9) as the "unmistakable 'zipper'

clause" that "says 'no judicial review in deportation cases unless this section

provides judicial review.'"  See Reno v. AADC, 525 U.S. 471, 483 (1999).

Sadhvani's claim falls squarely within the parameters of § 1252(b)(9) because it

---

[8]  The emphasis shows the new text.

plainly implicates his removal from the United States.  Section 1252(b)(9) applies

to preclude review in district court of all issues, whether fact or law, constitutional

or non-constitutional, "arising from any action taken or proceedings brought *to*

*remove an alien from the United States . . . ."*  (Emphasis added).  Congress has

now made clear that habeas review and mandamus do not provide exceptions to

this preclusion.

       Finally, to the extent Sadhvani asserts that this case is distinguishable, and

therefore jurisdiction exists in this Court, because he is not attempting a direct

challenge to a final order of removal, that argument should be rejected as well.

Under the familiar reasoning of Telecommunications Research and Action Center

v. FCC, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC"), exclusive jurisdiction would still

reside in the Court of Appeals for Sadhvani's claims because of the jurisictional

provisions in the INA as amended by the REAL ID Act.  In TRAC, the Court of

Appeals for this circuit held that where a statute commits review of agency action

to the Court of Appeals, any suit seeking relief that might affect the court's future

jurisdiction is likewise subject to the exclusive jurisdiction of the appellate court.

Id. at 77.  As the Court in TRAC reasoned

           By lodging review of agency action in the Courts of
           Appeals, Congress manifested an intent that the appellate
           court exercise sole jurisdiction over the class of claims

> covered by the statutory grant of review power.  It would
> be anomalous to hold that this grant of authority only
> strips the District Court of general federal question
> jurisdiction under 28 U.S.C. § 1331 (1982) when the
> Circuit Court has present jurisdiction under a special
> review statute, but not when the Circuit Court has
> immediate jurisdiction under the All Writs Act in aid of
> its future statutory review power.

Id. (footnote omitted).  Moreover, it makes no difference that Sadhvani cites to the

All Writs Act, 28 U.S.C. § 1651, or the mandamus statute, 28 U.S.C. § 1361

because, as the Court of Appeals held in TRAC, neither offer an independent grant

of jurisdiction to the district court.  The All Writs Act "merely permits a court to

issue writs in aid of jurisdiction acquired to grant some other form of relief."

TRAC, 750 F.2d at 77 (citing cases).  Here, under the statutory scheme in the INA,

as amended by the REAL ID Act, this Court has no present or future jurisdiction

over matters pertaining to Sadhvani's removal proceedings or the execution of the

final order for his return to Togo.  These are matters intrusted to the exclusive

jurisdiction of the courts of appeals.  Thus, this Court can contemplate no exercise

of jurisdiction that the All Writs Act or mandamus might aid.  Id.

The applicability of the TRAC doctrine is further underscored by the fact

that when the BIA reconsiders its order granting Sadhvani's motion to reopen and

denies it, as is contemplated by the operative regulations at 8 C.F.R. § 1003.2(d),

that order would be appealable to the United States Court of Appeals for the Fourth

Circuit.  <u>See</u> 8 U.S.C. § 1252(a) & (b)(1).  Section 1252, as amended by the REAL

ID Act, gives the Courts of Appeals jurisdiction to review all final orders of

removal. "Implicit in this jurisdictional grant is the authority to review orders

denying motions to reopen any such final order." <u>Patel v. United States Att'y Gen.</u>,

334 F.3d 1259, 1261 (11th Cir.2003) (citation omitted); <u>see also</u>, <u>Contreras-</u>

<u>Rodriguez v. U.S. Attorney General</u>, ___ F.3d ___, 2006 WL 2473974 (11th Cir.)

(reviewing denial of motion to reopen of alien who had been removed from the

United States).[9]  Thus, it is clear that under <u>TRAC</u>, exclusive jurisdiction exists in

the Courts of Appeals to review the issues Sadhvani raises in this petition.

   B.  Because Sadhvani Is Not In Respondents' Custody,
       <u>The Court Does Not Have Habeas Jurisdiction.    </u>

      This petition is also amenable to dismissal because the Court lacks habeas

jurisdiction for an alternative reason. The habeas statute applicable here requires

that the petitioner be "in custody".  28 U.S.C. § 2241(c).  This requirement of

---

      [9]  The facts of <u>Contreras-Rodriguez</u> are distinguishable and the holding rests on a
statutory and regulatory exception allowing any alien to reopen *in absentia* proceedings at any
time, if the alien demonstrates that he or she did not receive notice of the scheduled proceedings.
<u>See</u> 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii).  Contreras-Rodriguez, who was
ordered removed in absentia, made such a claim.  The Court determined that under the statute,
the BIA retained jurisdiction to reopen the alien's proceedings.  Here, there is no claim that
Sadhvani was ordered removed in absentia and without notice of the removal hearing.  Indeed,
his testimony at the hearing is included with his petition in this case.  Pl. Exh. 2.  The case
demonstrates, however, that the appellate court is the appropriate one to hear Sadhvani's claims.

custody is jurisdictional.  Having been removed to Togo, petitioner is no longer in

the actual or constructive custody of respondents and thus, this Court would be

without subject matter jurisdiction to entertain his petition for habeas corpus

review.  See Bruno v. Albright, 197 F.3d 1153, 1161 (D.C. Cir. 1999); El-Hadad v.

United States,  377 F.Supp.2d 42, 46-49 (D.D.C. 2005) (discussing cases).

Indeed, the D.C. Circuit Court of Appeals has declined to extend habeas

jurisdiction to aliens living freely abroad.  Id.  In Bruno, the Court of Appeals

noted that "[t]he right to seek habeas relief arose as a consequence of the alien's

being in custody; it did not rest on any right of entry."  197 F.3d at 1161.  The

Court reasoned that extending habeas jurisdiction over aliens living freely abroad

would give them greater remedies than to those aliens detained at ports of entry, a

result that Congress could not have intended.  Id.

Other circuits have similarly held that an alien living freely abroad is not in

custody under or by authority of the United States and thus can not invoke the

habeas jurisdiction of the courts to challenge an immigration decision.  See, e.g.,

Miranda v. Reno, 236 F.3d 1156 (9th Cir. 2001), cert. denied, 534 U.S. 1018 (2001)

(alien removed to Mexico did not satisfy the "in custody" requirement of habeas

corpus jurisdiction to challenge an executed order of removal); Samirah v.

O'Connell, 335 F.3d 545, 549-50 (7th Cir.2003) (declining to hold that an

individual denied entry to the United States but otherwise with no restraints on his liberty is in the custody of the United States).

In this case, Sadhvani was returned to Togo pursuant to a valid final order of removal entered by an immigration judge and affirmed by the BIA. There was no longer any stay in place, either by virtue of the pendency of Alawi's I-730 or the BIA's consideration of Sadhvani's motion to reopen. The I-730 petition was denied on November 2, 2004. The Board denied Sadhvani's application for a stay of his removal pending decision on his motion to reopen on December 22, 2005. Petitioner was removed thereafter on December 28, 2005. Accordingly, Sadhvani can not demonstrate that the Court has jurisdiction under the habeas statute, even assuming that the REAL ID Act did not preclude the district court's review.

C. Sadhvani's Petition for a Writ of Mandamus To Compel
Adjudication of the I-730 Petition Is Moot And Therefore
Presents No Live Case Or Controversy For The Court

In his Petition initiating this suit, Sadhvani asks the Court to issue a writ of mandamus directing respondents to adjudicate the I-730 Refugee/Asylee Relative Petition filed on his behalf. Pl. Petition at 16, ¶¶ iv, v. Sadhvani's claims with regard to the I-730 petition are moot. The respondents have already adjudicated the petition and denied it. Pl. Exh. 1. Accordingly, this Court lacks jurisdiction.

-15-

The mootness doctrine, deriving from Article III of the Constitution, limits federal courts to deciding actual continuing controversies. Clarke v. United States, 915 F.2d 699, 700-701 (D.C. Cir. 1990) (en banc). As the Court of Appeals observed in Clarke:

> Even where litigation poses a live controversy when filed, the doctrine requires a federal court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." Transwestern Pipeline Co. v. FERC, 897 F.2d 570, 575 (D.C. Cir. 1990); see also Preiser v. Newkirk, [422 U.S. 395, 401 (1975)]. This limitation "subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., [110 S. Ct. 1249, 1253 (1990)].

Clarke, 915 F.2d at 701. Moreover, mootness is a jurisdictional question because federal courts are not empowered to decide moot questions or abstract propositions. North Carolina v. Rice, 404 U.S. 244, 246 (1971). Thus, the exercise of judicial power under Article III depends at all times on the existence of a concrete case or controversy. See Penthouse International, Ltd. v. Meese, 939 F.2d 1011 (D.C. Cir. 1991); Committee In Solidarity With The People Of El Salvador v. Sessions, 929 F.2d 742 (D.C. Cir. 1991).

The instant case presents such a question of mootness. DHS has denied the I-730 petition and there is no evidence that Alawi challenges the basis for that

denial, i.e., her asserted intention to divorce Sadhvani.  It is difficult to discern what continuing case or controversy is left for resolution.

In summary, the Court lacks subject matter jurisdiction over Sadhvani's petition for habeas corpus and mandamus on a number of grounds.

## CONCLUSION

For the reasons set forth above, this Court should deny petitioner's motion for a

preliminary injunction.

                              Respectfully submitted,

                                  /s/
                              KENNETH L. WAINSTEIN
                              D.C. BAR # 451058
                              United States Attorney


                                  /s/
                              RUDOLPH CONTRERAS
                              D.C. BAR # 434122
                              Assistant United States Attorney


                                  /s/
                              MADELYN E. JOHNSON
                              DC Bar #292318
                              Assistant United States Attorney
                              U.S. Attorney's Office, Rm  E4114
                              555 4th Street, N.W.
                              Washington, D.C.  20530
                              *(202) 514-7135*