## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                )
**FABRICE SADHVANI**            )
**A 75-342-382**                )
                                )
   **Petitioner,**     )   **C.A. No. 06-1454 (JDB)**
                                )
  **v.**                     )
                                )
**MICHAEL CHERTOFF, et. al.,**  )
                                )
   **Respondents.**  )
_____)


## PETITIONER'S OPPOSITION TO
## RESPONDENTS' MOTION TO DISMISS

  Petitioner Sadhvani respectfully requests that this Court not grant a premature dismissal of his claims where this Court has jurisdiction to provide equitable relief. Sadhvani merely seeks the ability to reenter the United States to attend a hearing on the merits of his asylum claim before an Immigration Judge.  His request stems from protections found in basic principles of due process and the recent reopening of his asylum case, and does not stem from a final order of removal.  Because this Court has jurisdiction over Sadhvani's claims, and Sadhvani properly seeks equitable relief, dismissal is not appropriate.  See Zhu v. INS, 300 F.Supp.2d 77 (D.D.C. 2004). ("[t]he court may dismiss a complaint for lack of subject-matter jurisdiction only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (citations omitted).

**ARGUMENT**

A.  The REAL ID Act Does Not Preclude District Court Review of Mr.
Sadhvani's Claims Because He Does Not Challenge A Removal Order

Respondents assert that this Court lacks jurisdiction to review Sadhvani's claims due to revisions of the INA by the REAL ID Act.  The REAL ID Act revised jurisdiction provisions of the INA to give the courts of appeals exclusive jurisdiction to review final removal orders.  See 8 U.S.C. §1252.  However, contrary to the Respondents' contentions, Sadhvani is not challenging a final removal order, because a final removal order no longer exists.

It is well-settled law that the grant of a motion to reopen vacates the previous order and reinstates the previously terminated removal proceeding.  See Bronisz v. Ashcroft, 378 F.3d 632, 637 (7th Cir. 2004) ("the grant of the motion to reopen disposed of the Section 240B(d) issue by disposing of the order that otherwise triggered the operative effect of that section"); Orichitch v. Gonzales, 421 F.3d 595 (7th Cir. 2005) (holding that all arguments premised on the underlying order no longer applied because the order was effectively vacated when the motion to reopen was granted and the respondent was eligible to adjust); Lopez-Ruiz v. Ashcroft, 298 F.3d 886, 887 (9th Cir. 2002) (the BIA's granting of the motion to reopen means there is no longer a final decision to review); Excellent v. Ashcroft, 359 F. Supp. 2d 333, 335 (S.D.N.Y. 2005).

Before Sadhvani's deportation, a motion to reopen his case was pending before the Board and he was granted a stay of deportation by the Department of Homeland Security (DHS).  Subsequent to his deportation, the Board granted his motion to reopen, thereby vacating the underlying order and any collateral consequences of the order. Sadhvani's previous removal order was effectively replaced by the new proceedings.

Courts have held that district courts maintain jurisdiction to determine whether an actual order of removal exists. <u>See</u> <u>Kumarasamy v. Attorney General</u>, 453 F.3d 169 (3d Cir. 2006). In <u>Kumarasamy</u>, the Third Circuit held that the district court maintained jurisdiction when the petitioner challenged his deportation because the petitioner did not challenge a final *order* of removal, but claimed that no valid order of removal existed. <u>Id.</u> at 172. The court reasoned that an initial inquiry as to the existence of a deportation order should take place before broadening the jurisdiction of the court of appeals under REAL ID:

> "Under the REAL ID Act, by its own terms, we have jurisdiction only in those cases in which the petitioner seeks review of a final order of removal. Here, Kumarasamy is not arguing that if the removal order in his case was validly issued, that order does not lawfully authorize his removal from the United States – he is not, in other words, seeking review of a removal order. Instead, [he] is arguing that his removal was improper because there was no removal order at all. . ." <u>Id</u>.

Just as Kumarasamy challenged the existence of a removal order, Sadhvani maintains that a valid removal order no longer exists.

In his petition before this court, Sadhvani maintained that his initial deportation order was invalid because DHS officials failed to notify the Board of their decision to deport Sadhvani before the Board issued a decision on Sadhvani's motion to reopen, and because a valid stay existed at the time Sadhvani was deported. However, the relevant jurisdictional question for this Court is whether the removal order currently exists at all. Similar to the petitioner in <u>Kumarasamy</u>, Sadhvani no longer has a final removal order subject to the review of a court of appeals because the Board's motion to reopen vacated the order. And like the district court in <u>Kumarasamy</u>, this Court should undertake the

inquiry as to whether a final order exists today – an inquiry that is within the

jurisdictional purview of this Court, not the court of appeals.

>    B.  The District Court Has Jurisdiction to Grant Injunctive Relief and Injunctive
>        <u>Relief is Appropriate</u>

Because this Court has jurisdiction to review whether a final order exists, this

Court also has the ability to grant equitable relief to permit Sadhvani to return to the

United States to attend his hearing.  For the reasons set forth in pleadings before this

Court, Sadhvani is entitled to injunctive relief because he is 1) likely to succeed on the

merits, 2) the failure to grant relief will cause him to suffer irreparable injury; 3) other

interested parties will not be harmed if the relief is granted; and 4) granting the relief will

further the public interest.  <u>See</u> <u>Chau v. DOS</u>, 891 F.Supp. 650, 654 (D.D.C. 1995). <u>Cf.</u>

<u>Gutierrez v. Ashcroft</u>, 289 F.Supp. 2d 555 (D.N.J. 2003) (granting habeas relief and

ordering respondent to grant a hearing to petitioner after petitioner was deported);

<u>Estrada-Rosales v. INS</u>, 645 F.2d 819, 822 (9th Cir. 1981) (ordering petitioner readmitted

to the United States for a new deportation hearing).

>    1.  The BIA Had Jurisdiction to Reopen Mr. Sadhvani's Asylum Case and
>        <u>His Asylum Case is Likely to Succeed on the Merits</u>

Because, as demonstrated herein, this Court has jurisdiction to determine the

finality of Sadhvani's deportation order, the remaining inquiry as to the likelihood of

success on the merits lies in an examination of Sadhvani's asylum case.  Respondents do

not address the likelihood of Sadhvani's success on the merits of his asylum case in their

motion to dismiss except to state that "the Board made no findings with regard to the

merits of asylum or withholding of removal" when it reopened Sadhvani's case, (Mot. at

7).  In addition Respondents state very assuredly that the BIA will reconsider its order

granting Sadhvani's motion to reopen and deny it. (Mot. at 12) (". . . when the BIA reconsiders its order granting Sadhvani's motion to reopen and denies it, as is contemplated by the operative regulations at 8 C.F.R. §1003.2(d) . . ."). On both counts, Respondents erroneously predict the failure of Sadhvani's claims on legal and factual grounds.

Respondents' contention that the Board lacks authority to reopen cases after a person has been deported is not supported by any reading of the Immigration and Nationality Act. Relevant INA provisions explicitly provide the Board with jurisdiction to grant motions to reopen based on changed country conditions without any limitation based on the location of the asylum seeker at the time the motion is granted:

> "Changed conditions. - An application for asylum of an alien may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing the application . . ." INA § 208(a)(2)(D). 8 U.S.C. 1158(a)(2)(D)(2000).

In addition, the Immigration and Nationality Act (INA) specifically removes a time bar on motions to reopen when the motion arises from changed country conditions:

> "There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief under sections 208 or 241(b)(3) and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii).

The Board has repeatedly emphasized its authority to grant motions to reopen based on country conditions. See Matter of Ruiz, 20 I&N Dec. 91 (BIA 1989) (holding that a person petitioning to reopen an asylum case must state the new facts he intends to establish, supported by affidavits or other evidentiary material); Matter of J-J-, Interim Decision 3323 (BIA 1997). The Board has held that motions to reopen proceedings must

present sufficient evidence to demonstrate a reasonable likelihood of success on the merits, Matter of M-S-, Interim Decision 3369 (BIA 1998), and demonstrate that the petitioner warrants a grant of the motion in the exercise of discretion. INS v. Doherty, 502 U.S. 314, 315-16 (1992).

The Board's broad grant of authority to determine the eligibility of an asylum seeker cannot be reconciled with the jurisdiction-stripping regulation found at 8 C.F.R. § 1003.2(d).[1] The Immigration Act of 1990, which authorized the Attorney General to draft regulations related to motions to reopen, did not contemplate the revocation of the Board's jurisdiction after an asylum seeker was deported.[2] In addition, the recent Supreme Court case Hamdan v. Rumsfeld counseled that the lack of jurisdiction in one court may only be cured by transferring it to another. 548 U.S. ___, 126 (2006) (slip op. at 12), ("jurisdiction conferring or jurisdiction-stripping statute usually takes away no substantive right but simply changes the tribunal that is to hear the case.") (citations omitted). Here, no tribunal would be able to decide on Mr. Sadhvani's Motion to Reopen, if according to Respondents, regulations strip the Board of its jurisdiction. If no other adjudicatory body is vested with the authority to decide the matter, Mr. Sadhvani's due process rights have been entirely eliminated.

In addition, the government's interest in achieving finality in immigration proceedings does not trump the protection of asylum seekers, a fundamental goal of United States immigration laws. See INS v. Cardoza-Fonseca, 480 U.S. 421 (1987), 480

---

[1] A case is currently pending before the 4th Circuit on the issue of this jurisdiction stripping regulation demonstrating that this area of law is far from settled. See William v. Gonzales, 06-1284.
[2] See Immigration Act of 1990, Pub. L. No. 101-649, § 545(d), 104 Stat. 4978, 5066. (authorizing the creation of regulations on motions to reopen and to reconsider that included only 1) the period of time in which motions to reopen and to reconsider may be offered in deportation proceedings, and 2) the number of motions that may be filed and a maximum time period for the filing of such motions).

U.S. 421 (1987); <u>see</u> <u>also</u> Article 33 of the 1951 United Nations Convention Relating to

the Status of Refugees (the "Convention") (providing that no circumstance allows for a

state party to ". . . expel or return ("refouler') a refugee in any manner whatsoever to the

frontiers of territories where his life or freedom would be threatened on account of his

race, religion, nationality, membership of a particular social group or political opinion.").

This interest is further reflected in the government's own regulations such as those

permitting asylum applications to be filed after the one-year filing deadline based on

changed circumstances which would affect the applicant's eligibility for asylum.  <u>See</u> 8

C.F.R. § 208.4(a)(4)(i)(A).

     2.  DHS Failed to Give Notice to the Board, Improperly Terminating the
         <u>Board's Jurisdiction and Denying Sadhvani His Due Process Rights</u>

  DHS had an absolute duty to inform the Board of its decision to deport an

individual when a motion to reopen was pending before the Board.  <u>See</u> <u>Accardi v.</u>

<u>Shaughnessy</u>, 347 U.S. 260 (1954) (holding that the Attorney General cannot interfere

with procedures found in regulations).  Here, government regulations unequivocally state

that the Board has the power to reopen Mr. Sadhvani's case.  <u>See</u> 8 C.F.R. §§

1003.2(c)(3)(ii) (acknowledging the Board's authority to reopen a case when presented

with changed circumstances).  When DHS deported Mr. Sadhvani, it impermissibly

terminated with the Board's jurisdiction.

Principles of deference to administrative agencies also require that DHS notify the

Board of its intention to deport a person whose case is pending before the Board.  <u>Cf</u>

<u>Food & Drug Admin. v. Brown & Williamson Tobacco Corp.</u>, 529 U.S. 120 (2000)

(reasoning that <u>Chevron</u> deference is based on the assumption that the ambiguity of a

statute constitutes an "implicit delegation" to the agency that administers that statute to

interpret it). (citing <u>Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842 (1984)). Here, the Board has the authority to determine motions to reopen and to make determinations in asylum cases based on changed circumstances. This authority vested by an act of Congress cannot be arbitrarily terminated by DHS without first giving notice to the Board in order to ensure the basic tenets of due process.

As a deportable noncitizen, Mr. Sadhvani was entitled to full due process protection. <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 692-93 (2001). In order to protect himself under applicable immigration laws, Mr. Sadhvani sought a stay of deportation under C.F.R. § 1003.2(f). On May 18, 2005, Immigration and Customs Enforcement (ICE) official Calvin McCormick granted this stay contingent on the grant of Mr. Sadhvani's motion to reopen with the Board and his wife's Refugee/Asylee Relative Petition. Despite the fact that the Board had not yet ruled on the motion to reopen Mr. Sadhvani's case, and without informing the Board of its deportation order, DHS deported Mr. Sadhvani. This action constituted a complete usurpation of the authority of the Board and a violation of Mr. Sadhvani's due process rights.

The strength of Sadhvani's asylum claim reflected in the Board's decision to reopen his case, as well as the Board's established authority to reopen removal cases, demonstrate a likelihood of success on the merits and warrants a grant of a preliminary injunction.

## CONCLUSION

For the foregoing reasons, this Court should reconsider and grant Petitioner's motion for a preliminary injunction and permit Sadhvani to return for a hearing before an Immigration Judge.

Respectfully submitted,

/s/

_____

Paul Shearman Allen, J.D.
DC Bar No. 167940
Paul Shearman Allen & Associates
1329 18th St. NW
Washington, DC 20036
Ph. 202-638-2777
Fax. 202-638-1677

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                )
**FABRICE SADHVANI**                            )
**A 75-342-382**                                )
                                                )
                     **Petitioner,**            )               **C.A. No. 06-1454 (JDB)**
                                                )
              **v.**                            )
                                                )
**MICHAEL CHERTOFF, et. al.,**                  )
                                                )
                     **Respondents.**           )
_____)


## <u>ORDER</u>


        UPON CONSIDERATION of Petitioner's Opposition to Respondents' Motion to Dismiss, it is this _____ day of _____, 2006

ORDERED that the motion is DENIED.



                                        _____
                                        Hon. John D. Bates
                                        United States District Judge