UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FABRICE SADHVANI, | ) |
| | ) |
| Petitioner, | ) |
| | ) C.A. No.06-1454 (JDB) |
| v. | ) |
| | ) |
| MICHAEL CHERTOFF, et al., | ) |
| | ) |
| Respondents. | ) |

## RESPONDENTS' REPLY IN SUPPORT OF
## RESPONDENTS' MOTION TO DISMISS

Respondents, by and through their undersigned counsel, file this Reply in further support of Respondents' Motion to Dismiss and in response to Petitioner Fabrice Sadhvani's Opposition to Respondents' Motion. In their moving papers, Respondents advanced three reasons why subject matter jurisdiction is lacking in this case: (1) the REAL ID Act makes clear that to the extent Petitioner may challenge his removal to Togo, the Court of Appeals, rather than the district court, would have exclusive jurisdiction over those claims; (2) the district court lacks subject matter jurisdiction on the alternative ground that aliens living outside of the United States are not in Respondents' actual or constructive custody, a prerequisite for habeas corpus review; and (3) any jurisdiction the Court may arguably have had

-1-

to entertain Sadhvani's application for a writ of mandamus to require Respondents to adjudicate the I-730 petition no longer exists because that claim is moot.

In his Opposition, Sadhvani fails to address most of Respondents' arguments supporting dismissal. Accordingly, this Court may treat them as conceded and dismiss this case on the strength of those arguments alone. Specifically, Sadhvani is completely silent with regard to Respondents' argument that the Court lacks habeas jurisdiction because Sadhvani, having been removed to Togo, is no longer in Respondents' constructive or actual custody.[1] Likewise, Sadhvani does not contest that his petition for a writ of mandamus to compel Respondents to adjudicate the I-730 petition is moot. Thus, subject matter jurisdiction predicated on the Administrative Procedure Act (APA), 5 U.S.C. § 702, et seq., and the mandamus statutes is lacking.[2]

Rather, the gravamen of Sadhvani's Opposition is that the REAL ID Act does not divest this Court of jurisdiction; as Sadhvani sees it, he is not challenging

---

[1] Indeed, Kumarasamy v. Attorney General, 453 F.3d 169, 172-73 (3rd Cir. 2006), one of the cases upon which Petitioner principally relies, actually holds that an alien who has already been removed from the United States at the time he files his habeas petition was not "in custody" for habeas purposes and therefore, the court lacked jurisdiction.

[2] In his Petition, Sadhvani asserts jurisdiction under the following statutory authorities: 28 U.S.C. §§ 1331 (Federal Question); 1361 (Mandamus to compel an officer of the United States to perform his duty); 1651 (All Writs Act); 2201 (Declaratory Judgements); 2241 (Power to grant writ of habeas corpus); 2242 (procedure for application for writ of habeas corpus); and 5 U.S.C. § 702, *et seq.* (Administrative Procedure Act). Petition at ¶¶ 12-13. Each of these is susceptible to dismissal on the grounds asserted in Respondents' motion to dismiss.

a final order of removal because a final removal order no longer exists. Pet. Opp. at 2. For the reasons discussed below, this argument fails. First, at the time Sadhavani was removed, there was a final order in place and no impediment to its execution. Second, contrary to the narrow reading of § 1252 Sadhvani urges, the REAL ID Act applies to any cause or claim arising from the decision or action of the Attorney General to execute a removal order. 8 U.S.C. § 1252(g); see also, 8 U.S.C. §1252(b)(9). It is the execution of the final order of removal in 2005 that Sadhvani challenges.

## ARGUMENT

As demonstrated in Respondents' opening memorandum in support of dismissal, the Immigration and Nationality Act (INA), as amended by the REAL ID Act, expressly precludes the district courts' exercise of jurisdiction in a case like the instant one, whether predicated on habeas, mandamus or otherwise. See Resp. Memo. at 7-13. Petitioner counters by arguing that he is not seeking review of a final order of removal. Pet. Opp. at 2. Rather, he contends that the final order no longer exists because the Board of Immigration Appeals (BIA) granted his motion to reopen after his return to Togo. Id.

As demonstrated in Respondents' motion, however, Section 1252(g) is not as narrowly focused as Petitioner would claim. Rather, it expressly speaks to **any**

**cause or claim** arising from the execution of a removal order.  8 U.S.C. § 1252(g).  Whatever way Sadhvani attempts to spin the issue, his case revolves around the Respondents' action in removing him to Togo.  Hence, Section 1252 applies.

Sadhvani cannot credibly argue that no final order of removal existed in December 2005 when he was returned to Togo.  Sadhvani's petition initiating this suit shows the following: An immigration judge (IJ) found Sadhavani removable after a full hearing in September 1998.  The BIA affirmed the IJ's order on December 12, 2002, and Sadhvani sought no further review of the BIA's order in the court of appeals.  See 8 U.S.C. §1252(a) & (b)(1) (alien has 30 days within which to petition the court of appeals for review of the BIA's order).  At that point, Sadhvani was subject to a final order of removal.  Sadhvani filed motions to reopen or reconsider on December 27, 2002 (motion to reopen final order dated December 12, 2002) and March 12, 2003 (motion to reconsider denial of reopening), which were denied on February 14, 2003 and July 8, 2003, respectively.  In March 2005, Sadhvani filed a third motion before the BIA, but on December 22, 2005, the BIA denied his request for a stay of removal pending adjudication of that motion.  Sadhvani was removed to Togo shortly thereafter on December 28, 2005.

Sadhvani now appears to argue that the BIA's subsequent order, dated March 21, 2006, granting his third motion vacated the executed order of removal

*nunc pro tunc*.  Petitioner's argument, however, is at odds with the statute and the BIA's own cases construing its jurisdiction after removal.  Section 101(g) of the INA, 8 U.S.C. § 1101(g), provides that an alien ordered removed who has left the United States is considered to have been removed in pursuance of law.  Accordingly, it has long been held that an alien's departure from the United States pursuant to (or while under) an order of deportation or removal has the effect of executing the order, thereby bringing the proceedings to finality and depriving the Board and immigration judges of jurisdiction to entertain motions with respect to the underlying order.  Matter of Okoh, 20 I&N Dec. 864, 864-65 (BIA 1994); Matter of Estrada, 17 I&N Dec. 187, 188 (BIA 1979); Matter of Palma, 14 I&N Dec. 486 (BIA 1973); Matter of G-y B-, 6 I&N Dec. 159, 159-60 (BIA 1954); accord, Matter of Wang, 17 I&N Dec. 565 (BIA 1980); see also Dinnall v. Gonzales, 421 F.3d 247, 260 (3rd Cir. 2005).

      This principle is also reflected in the regulations governing the adjudication of motions in immigration court, which provides in relevant part that "[a] motion to reopen or reconsider shall not be made by or on behalf of a person who is the subject of . . . removal proceedings subsequent to his or her departure from the United States."  8 C.F.R. § 1003.2(d).  Any such departure, "including the . . . removal of a person who is the subject of . . . removal proeceedings, occurring after

the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion." Id.; see also 8 C.F.R. § 1003.23(b)(1) (the equivalent regulation governing motions filed before the immigration court). When the Board is presented with evidence that it has granted a motion to reopen after the alien's departure, it has reconsidered and vacated the prior order on jurisdictional grounds. Matter of Crammond, 23 I&N Dec. 179 (BIA 2001). Thus, the departure of an alien from the United States pursuant to a lawful order of removal has the effect of depriving the immigration judge and the BIA of jurisdiction over the prior proceedings, and thus, precludes the Board from reopening those proceedings on petitioner's motion.

Moreover, none of the cases Sadhvani cites for the general proposition that the grant of a motion to reopen vacates a previous order and reinstates the removal proceedings are instructive. See Pet. Opp. at 2. None of those cases deal with the effect of an alien's departure from the United States prior to an order of the BIA reopening removal proceedings. Consequently, none of them construe the regulations cited above or the BIA's jurisdiction under that particular set of facts. And, none of them hold that a district court would have habeas or mandamus jurisdiction to order that the alien be brought back into the United States. Finally, none of the cases construe the jurisdictional provisions of the REAL ID Act.

Next, relying on Kumarasamy v. Attorney General, 453 F.3d 169 (3rd Cir. 2006), Sadhvani argues that the district court maintains jurisdiction to determine whether an actual order of removal exists. Pet. Opp. at 3-4. This argument should be rejected. First, in deciding Kumarasamy, the appellate court did not rely on the jurisdictional distinction that Sadhvani urges on this Court. Rather, the court of appeals resolved the case on other jurisdictional grounds. In doing so, it observed

> In the REAL ID Act, Congress amended both 8 U.S.C. §§ 1252(b)(9) and (g) to make clear that these provisions preclude any habeas corpus review over certain removal-related claims. See REAL ID Act §§ 106(a)(2) & (3). Thus, if an alien challenges an action taken or a proceeding brought to remove him, it would appear that 8 U.S.C. §§ 1252(b)(9) and (g), as amended by the REAL ID Act, would preclude habeas review over that challenge. We need not reach the question of whether §§ 1252(b)(9) and (g) apply in this case because we conclude that the District Court lacked jurisdiction on the separate ground that Kumarasamy was not in "custody" at the time he filed his habeas petition.

Kumarasamy, 453 F.3d at 172 n.5. The court of appeals went on to hold, as Respondents argue in this case, that aliens who have already been removed from the country do not satisfy the "in custody" requirement for habeas corpus jurisdiction and therefore, the district court lacked jurisdiction to consider Kumarasamy's case. Id. at 173.

Second, the language in Kumarasamy upon which Sadhvani relies was part of a discussion, not applicable here, regarding whether the court of appeals should convert Kumarasamy's case from an appeal of an order of a district court to a petition for review pursuant to the dictate of § 106(c) of the REAL ID Act. Kumarasamy initially brought his habeas case in the United States District Court for the District of New Jersey alleging that his removal to Canada was illegal.[3]  The district court held that an alien seeking reentry into the United States is not "in custody" for purposes of 28 U.S.C. § 2241, and dismissed the petition for lack of jurisdiction.  453 F.3d at 171.  Kumarasamy timely appealed.  While the appeal was pending, the REAL ID Act of 2005 took effect.  Under the Act, habeas petitions challenging orders of removal that were pending before a district court, or on appeal, were converted to petitions for review.  REAL ID Act § 106(c).  See also Resp. Memo. at 9 n.7.  Accordingly, the government urged the court of appeals to convert Kumarasamy's appeal into a petition for review, but the court declined

---

[3] The facts in Kumarasamy were unique.  At the conclusion of the removal proceedings, Kumarasamy agreed to withdraw all claims except his application for withholding of removal to Sri Lanka.  The IJ granted withholding but did not enter an order of removal from the United States.  453 F.3d at 171.  Subsequently, the Department of Homeland Security (DHS) notified the IJ that he had failed to include an order removing Kumarasamy from the United States, as required when granting withholding of removal to a specific country.  Id.  A DHS attorney filed a motion with the IJ to amend the original order to reflect an underlying order of removal, which the IJ granted.  Id.  Kumarasamy was removed to Canada.  Id.  In his habeas petition in district court, Kumarasamy argued that he never received notice of the motion to amend the order, or the subsequent amendment.  Id.

based on the reasoning upon which Sadhvani relies.  Kumarasamy, 453 F.3d at 172.

As shown above, the Kumarasamy court's discussion about whether the issues raised were subject to the exclusive jurisdictional language of the REAL ID Act did not control that court's ultimate resolution of the case and likewise should not here.  The language is dicta and the Kumarasamy court's holding rests on the alternative ground that an alien who has been removed from the United States is not "in custody" for purposes of habeas jurisdiction – a holding that is in accord with Respondents' motion to dismiss in this case.  Moreover, nothing in Sadhvani's opposition demonstrates that the interpretation of the REAL ID Act in Kumarasamy (the only case Sadhvani cites) is the predominate view, much less one to which this Court should subscribe.  Indeed, the Kumarasamy court explicitly declined to resolve that jurisdictional issue.  453 F.3d at 171 n.5; cf., Brempong v. Chertoff, 2006 WL 618106 (D. Conn.) ("It appears then that Congress, in enacting § 106, did not intend to distinguish between a challenge to a final order of removal and a challenge to the manner in which a final order may be executed."); Haider v. Gonzales, 438 F.3d 902, 910 (8th Cir. 2006) (upholding transfer to court of appeals of alien's habeas petition asserting that order of removal was invalid because notice of proceedings was allegedly unconstitutional).

Third, Sadhvani's attempt to align the facts of his case with the unique ones in Kumarasamy fails. Sadhvani maintains that his initial removal order was invalid because DHS officials failed to notify the BIA of their decision to remove him. Pet. Opp. at 3. But, Sadhvani moved the BIA for an order staying his removal pending a decision on his motion. The BIA denied the motion to stay on December 22, 2005. See Petition for Writ of Habeas Corpus and Writ of Mandamus, Exh. 18. The BIA stated that after consideration of all information, it concluded there was little likelihood that the motion to reopen would be granted and accordingly, that the request for a stay of removal would be denied. Id. Implicit in that denial was the BIA's appreciation for the fact that Sadhvani could be removed at any time.

Sadhvani cites no authority for the proposition that without explicit notice to the BIA, DHS could not legally remove him. He baldly claims that "a valid stay existed at the time" he was deported. Pet. Opp. at 3; see id. at 8. Such was simply not the case. Plainly, the BIA did not grant him a stay, and to the extent he relies on DHS's May 2005 letter stay, his position is disingenuous. As Sadhvani must concede, the May 2005 stay was granted as a matter of discretion contingent on a grant of the I-730 petition and the motion to reopen to the BIA.[4] In November

---

[4] May 2, 2005, Sadhvani applied to the Baltimore Field Office, Immigration and Customs Enforcement, DHS, for a stay of his removal based on his marriage and his wife Miriam Mohamad Alawi's pending I-730 petition to classify him as a derivative asylee. The petition was

2005, the I-730 petition was denied. In December 2005, the BIA denied Sadhvani's request for a stay. At that point, there was no operative stay or any impediment to Sadhvani's removal.

In the final analysis, at best, Sadhvani raises a dispute as to how the parties' competing interpretations of the law should be resolved on the merits. Under the controlling holding in Telecommunications Research and Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) (TRAC), however, this dispute must be resolved by the court of appeals because that is where the REAL ID Act places it. See Resp. Memo. at 11-13. In his Opposition, Sadhvani never addresses this argument. This case should not be decided on the basis of dicta eminating from a sister circuit. Rather, the plain language of the REAL ID Act and the binding authority of the United States Court of Appeals for the District of Columbia Circuit in TRAC supports Respondents' argument that this case belongs in the court of appeals rather than here.[5]

---

denied in November 2005, long before the instant case was filed in August 2006. The denial was based on Alawi's statement that they were separated and that she intended to file for divorce. Despite these facts, Sadhvani still sought a writ of mandamus to compel Respondents to adjudicate the I-730 and professed ignorance of the denial until briefing on his motion for a preliminary injunction. That Sadhvani would even hint at reliance on the agency's May 2005 stay letter to argue that his removal was unlawful is telling. Regardless, DHS' decision with regard to a discretionary stay of removal is not subject to judicial review. See 8 U.S.C. § 1252(a)(2)(B)(ii).

[5] Sadhvani also discusses the standard for preliminary injunctive relief and concludes by asking that the Court reconsider its denial of his motion for injunctive relief. See Pet. Opp. at 4,

## **CONCLUSION**

For the reasons set forth above, and in Respondents' Motion to Dismiss, and based on the entire record of this case, the Court should dismiss this case.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR
D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS
D.C. BAR # 434122
Assistant United States Attorney

/s/
MADELYN E. JOHNSON
DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

---

8. That discussion has no place in an opposition to Respondents' motion to dismiss. To support final injunctive relief, Petitioner must show more than a likelihood of success on the merits and he must establish jurisdiction, which he has failed to do. Petitioner has not filed a separate motion for reconsideration, but to the extent the Court considers that request, Respondent urges the Court to deny it for the reasons stated in the Court's original decision denying the preliminary injunction as well as the reasons contained in Respondents' Motion to Dismiss and in this filing.

CERTIFICATE OF SERVICE

     I CERTIFY THAT on October 11, 2006, the attached Reply in Support of Respondents' Motion to Dismiss was served on counsel for Petitioner through the district court's ECF system.

                              _____/s/_____
                              MADELYN E. JOHNSON
                              Assistant United States Attorney
                              U.S. Attorney's Office, Rm  E4114
                              555 4th Street, N.W.
                              Washington, D.C.  20530
                              *(202) 514-7135*